UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 01-cv-00981-WYD-PAC

KRISTIE HANNEMAN,

    Plaintiff,

v.

JO ANNE B. BARNHART, Commissioner of Social Security,

    Defendant.

_____

**ORDER**
_____

THIS MATTER is before the Court on Plaintiff's Motion for an Order of Reasonable Attorney Fees under 42 U.S.C. § 406(b) (filed May 24, 2005). Defendant's Response to this motion was filed June 1, 2005.

Plaintiff's motion seeks an award of attorney fees under 42 U.S.C. § 406(b) in the amount of $23,037.25. The motion asserts that Plaintiff entered into a contingent fee agreement entitling counsel to 25% of past due benefits (Attachment 3 to Pl.'s Mot.), and that counsel expended 56.3 hours in representing Plaintiff in this case. Attachment 5, *id.* The amount sought as fees represents slightly less than 25% of the past due benefits owed to Plaintiff of $96,949.00, and has been withheld by the Commissioner until this matter is resolved.[1] The motion asserts that Plaintiff agrees with the amount sought by her counsel. The motion further asserts that the fee

---

[1] Plaintiff is currently receiving ongoing benefits for herself and her children.

-2-

previously awarded under the Equal Access to Justice Act ["EAJA"] of $6,253.23 will be refunded to Plaintiff if the amount requested is awarded.

Defendant's response recognizes that the Court may award a "reasonable" amount in attorney fees, not to exceed 25% of the past due benefits awarded to Plaintiff, and that these fees are to paid from the past due benefits which have been withheld by the Commissioner.  See 28 U.S.C. § 406(b).  Defendant asks that the Court award "no more than a reasonable fee", but does not state what fee it deems reasonable.  Further, Defendant's response provides no reason why the amount sought by Plaintiff's counsel is not reasonable.

I find that the contingent fee agreement entitling Plaintiff's counsel to 25% of past due benefits should be honored and that the amount sought is reasonable.  Plaintiff agrees with the amount sought by her counsel, and Plaintiff received a very favorable outcome in this case.  *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002) (requiring the Court to review contingent fee arrangements to "assure that they yield reasonable results in particular cases").  Accordingly, it is

ORDERED that Plaintiff's Motion for an Order of Reasonable Attorney Fees Under 42 U.S.C. § 406(b) is **GRANTED**.  In accordance therewith, it is

ORDERED that Plaintiff's counsel is awarded **$23,037.25** in attorney's fees, to be paid by the Commissioner from the funds it has withheld.  It is

FURTHER ORDERED that upon payment of these fees, Plaintiff's counsel shall refund to Plaintiff the $6,252.23 previously awarded to counsel under the EAJA.

-3-

DATED this 14th day of October, 2005.

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge